DARRYL LEE GOLDSTEIN
P-79097 1 North 001 Lower
CSP, San Quentin
San Quentin, Ca
94964

Petitioner Pro Per

FILED
JAN 3 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re Darryl Lee Goldstein

On Habeas Corpus

Case No. CV 08 0748   SBA

PETITION FOR WRIT
OF HABEAS CORPUS
MEMORANDUM OF LAW

28USC  Sec 2254



E-filing

PETITION FOR WRIT OF HABEAS COURPUS

TO THE PRESIDING JUDGE , UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Petitioner Darryl Lee Goldstein, respectfully request that this court grant habeas corpus relief and in support of such request alleges as follows:

1. Petitioner is confined and restrained of his liberty by the Warden of San Quentin State Prison.

2. Petitioner's confinement is based on his conviction and sentence in the Superior Court of California , County of San Mateo, Case Number Sc 05-58694.

4. Petitioner's conviction was affirmed b the California Court of Appeal , First district Division Two on March 27, 2007. The California supreme court denied a Petition for Review on June 13, 2007.

5. Petitioner plans to file a Petition for Writ of Habeas Corpus in the California Supreme Court alleging ineffective assistance of both trial and appellate counsel.

6. In a separate motion attached and served herewith the petitioner request this Court to Stay Proceedings in this action until such time petitioner has exhausted in the state court.

WHEREFORE petitioner respectfully request that this court :

1. Grant Habeas corpus relief;

Issue an Order to Show Cause;

3. declare the Rights of the Parties

4. appoint counsel to represent petitioner in this action

5. Award reasonable attorney fees and,

6. Grant such further relief deemed appropriate by this court

court.

1/18/08

Respectfully submitted

BY _____
Darryl Lee goldstein
Petitioner Pro Per

(2)

## FACTUAL AND PROCEDURAL BACKGROUND

**A The Crime**

The following summary of facts is based on the Court of Appeal opinion affirming petitioner's conviction on direct appeal and on the record in the direct appeal.

The following facts are from the probation report; On March 14, 2005, , petitioner went to a bicycle shop to retrun a bike lock worth 39.99. The bicycle shop refused to refund the petitioner for the lock because petitioner had earlier stolen the lock from the store . In fact, the shop's owner recognized petitioner as having attempted this refund scam several times. Later the same day,petitioner tried a similar scam at a pet hospital. An employee saw petitioner remove a dog hygiene kit (worth 12.00 ) , two tick collars (worth 14.50 each), and vitamins (worth 10.25) from a shelf, and then try to get a refund for those items . After arguing with pet hospital employees about a refund , petitioner left the hospital with all of the merchandise he had removed from the shel .Soon after, the police detained petitioner near the pet hospital and a hospital employee indentified him. The dog oral hygiene kit was recovered , but not the other merchandize. The next day , an employee of the bicycle shop indentified petitioner in a photograpic lineup. When arrested , petitioner smelled of alcohol , but not appear to be intoxicated . He admitted giving the missing merchandise to a friend. Petitioner was on parole at the time of his arrest.

B.   Procedural history

On May 25, 2005 , an information was filed in San Mateo Couty superior Court , charging petitioner , Darryl Lee Goldstein with two counts of second -degree burglary , a violation of Penal code Section 460, subdivision (b) (Counts 1 and 2) : two counts of petty theft with prior convictions , a violatation of Penal Code section 666 ( Counts 3,4) and one count of possession of stolenb property, a violation of Penal Code section 496, subdivision (a) (Count 5).(CT6-8) It was alleged petitioner had previously suffered six serious felony convictions within the meaning of Penal code Section 1170.12, subdivision (c) (2) and suffered two felony convictions, each of which resulted in a prison term,within the meaning of Penal Code section 667.5 subdivision (b) (CT11-14) The information also alleged petitioner had previously suffered twenty convictions within the meaning of Penal Code section 1201, subdivision (e)(4) (CT 10-11) . Petitioner pleaded not guilty to the charges  and denied  th allegations on May 27, 2005. (CT 62).

On April 17, 2006, the prosecution filed an amended information ,(CT103-109). It alleged the petitioner had previously suffered eight felony convictions within the meaning of section 1203, subdivision (e) (40 and five seriuos felony convictions within the meaning of Penal Code section 1170.12, subdivision (c)(2) (CT 106-109)

At that same proceeding , petitioner withdrew hi earlier plea and pleaded nolo contendre to one count of second- degree burglary . He also admitted one of the prior serious felony convictions allegations and two prior prison term allegations(CT 110-111.) As a result of this pleaa , the remaining charges and allegations were dismissed on motion of the prosecution.(CT 101)

On June  22 , 2006, petitioner moved to strike the serious felony enhancement pursuant to People vs Superior Court (Romero) (1996) 13 Cal 4th 497. (CT 124-147) The motion was denied June 25, 2006, and immeediately thereafter petitioner was sentenced to state prison for an aggregate term of four years . (RT June 23, 2006 21 ) Specifically , the court imposed the midterm of two years  for burglary  and then doubled it pursuant to Penal Code section 1170.12, sibdivision (c). The two Penal Code section 667.5 , subdivision ( b) enhancements were striken by the court. (CT148-149) Petitioner was also ordered to pay  39.25 to the victim pursuant to Penal Code section 1202.4, subdivision (f0 , a 200.00 restitution fine pursuant to Penal Code section 1202.4 subdivision (b) , and a 20 .00 court security fee pursuant to Penal Code section 1468.5.(CT149) Petitioner's term of imprisonment was credited with 699 days ( 467 actual days plus 232 days  good time /work time ) Petitioner was in custody prior to sentencing (CT149-150)

Petitioner filed a timely notice of appeal.

(5)

The California court of Appeal Fisrt Appellate District affirmed the petitioners conviction on March 27, 2007. A Petition for Review was denied by the California Supreme Court on June 13, 2007.

Under separate motion the petitioner has informed this court that he has filed a Petition for Writ of Habeas Corpus with the California Supreme Court alleging ineffective assistance of both trial and appeallate counsel, thus requesting that this court hold this present action in abeyance until the claims have been exhausted in the California Supreme Court.

DARRYL LEE GOLDSTEIN
P-79097 I North 001 Lower
CSP, San Quentin
San Quentin, CA.
94964

Petitioner Pro Per


UNITED STATES DISTRICT COURT
NORTHEN DISTRIOCT OF CALIFORNIA


DARRYL LEE GOLSTEIN                                 No _____
                                                    **MEMORANDUM OF**
    Petitioner                                      **LAW IN SUPPORT**
                                                    **PETITION FOR WRIT**
                                                    **HABEAS CORPUS**


v.


ROBERT L. AYERS, Jr  Warden
        Respondent

_____

(7)

MEMORANDUM OF LAW

**ARGUMENT**
THIS COURT SHOULD GRANT PETITIONER HABEAS CORPUS RELIEF AND MODIFY THE SENTENCE BECAUSE THE STATE TRIAL COURT AND COURT OF APPEAL REFUSED TO STRIKE THE PETITIONERS'S 26 YEAR OLD SERIOUS FELONY CONVICTION RESULTED IN A DENIAL OF PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW.

A. Introduction

Petitioner was convicted of one count of sceond -degree burglary , California Penal Code Section 460(b). Petitioner at his sentencing here testified to his addiction to drugs and alcohol and his efforts to overcome his addiction. Moreover the Probation Report in this case clearly showed that the Petitioner had a substance abuse problem and had made efforts to address the problem both in and out of custody. As will be shown later in this Petition , the petition has continued with is efforts to recover and has been applaued for his accomplishments (See Declaration of Darryl Lee Goldstein attached and served herewith.)

The evidence at the sentencing hearing , the probation Office Report , the many letters of support all supported the court dismissing the prior felony conviction and sentencing the the petitioner as if he not been convicted of the serious prior felony conviction.

Moreover and important to this court's decision the petitioner continued his work on his Recovery while incarcerated and has sought treatment immediately upon release on parole.

(8)

It remains clear from the record on direct appeal that the trial court based its denial of petitioners Romero Motion ( People v. Superior Court **(Romero )** (1996) 13 Cal 4th 997 , 704, on petitioner's criminal history  alone. People vs McGlothin (1998) 67 cal App. 4th  468, 474, held that consideration of the defendant's criminal history , alone is "incompatible with the very nature of sentencing discretion, the entire picture must remain exposed "  ( In re Saldana (1997) 57 Cal app. 4th 620, 626; see also People vs superior Court **Alvarez** (1997) 14 Cal 4th 968,982-

**Application of** that criteria to petitioner , his background , and the current  offenses  reveals that the trial court abused its discretion when it refused to strike the petitioner's serious felony conviction.Since this eror resulted in a denial of petitioner's federal and state constitutional rigts to due process of law (U.S. Const. Amends V,XIV: Cal Const art I secs 7,15(, this court should grant habeas corpus relief

The record on direct appeal revealed a number of mitigating factors for strinking the petitioner's 1980 conviction in 2005. As was apparent , the prior conviction was , at that time 26 years old and suffered by petitioner when he was 23 years old. As outlined by the Petitioner's **Romero** motion , the case involved "sexual activity with a 17 year old male hustler  picked up by petitioner on the street's of San Francisco." (CT128) . While the underlying crime were serious

(9)

they were committed over half a lifetime earlier. With respect to the offense that the petitioner was convicted of in 2005, petitioner took , without force, a tick collar and a canine oral hygiene kit valued at 39.99 and later attempted to  return them to the hospital for a refund.  In light of these facts, it is reasonable  to characterize the crime as minor.

A defendant such as petitioner, whose current offense is neither violent nor life -threatening is obviously less culpable than the defendant whose crime is far mor serious . As the court observed in People vs Garcia (1999) 20 Cal 4th 490,499" A court might .... be justified in striking prior conviction allegations with respect to a relatively minor curent felony , while considering thos eprior convictions with respect to a serious or violent current felony".

Most importantly, petitioner's social history that was before the trial court revealed that he had a long struggle with drug and alcohol addictions. Petitioner admitted to the Probation Officer that he was a drug addict. (CT 157) Petitioner told the officer that alcohol was a contributing factor in the commission of the theft.(ibid). Based on the petitioner's tra transient situation the theft was more than not a crime of necessity . Both the information and amended information indentify petitioner as a transient (CT 1, 103).

(10)

A very important factor was petitioner's extremely poor health as acknowledged by all parties and should have been also considered a mitigating factor as well. At the time of sentencing , petitioner was suffering from gluacoma, Hep C Virus, epilespy , cardiovasculr disease , and asthma and conssequently in need of medical care (CT 130, 156.)

When these factors are viewed in light of the increase in sentence mandated by Penal Code Section 1170.12, subdivision (c)(1), it is clear that the trial court's refusal to strike the 19080 serious felony conviction was an abuse of discretion that resulted in a denial of petitioner's federal and state constitutional rights to do process.

In People vs Superior Court **(Romero)** 13 Cal 4th 497, the California supreme Court  held that a trial court  has the power to dismiss a "strike" prior , on its own motion , pursuant to Penal Code section 1385.

Section  1385 permits a trial court to dismiss not only an entire case, but also a portion thereof, including the allegation that a defendant has previously been convicted of a felony. (People vs Superior  Court **(Romero )** , supra 13 Cal 4that page 508, citing People vs Thomas (1992) 4 Cal 4th 206, 209-210, and People v Burke (1956) 47 Cal 2d. 45-50-51; accord , People v Williams (1998)  17 Cal 4th 148, 151.)

The California Supreme Court  in In re Cortez (1971) 6 Cal 3d.78. stated:

> The term (judicial discretion) implies
> absence of aribitrary determination ,

(11)

>       capricious disposition or
>       whimsical thinking. It imports
>       the exercise of discriminating judgment
>       within the bounds of reason.
>
>       To exercise the power of judicial discre-
>       tion all the material facts in evidence
>       must be both known and considered , together
>       also with the legal principles essential
>       to an informed , intelligent and just decision
>       (Footnote omitted)

**(Id. at pp 85-86)**

B.  A trial Court's Ruling on a Motion to
    Dismiss a prior Strike Conviction in the
    Interests of Justice is subject to Review
    for an Abuse of Discretion.

In deciding whether a prior strike conviction should be be dismissed , the trial court should determine whether "in light of the nature and circumstances of his present felonies and prior serious and /or violent felony convictions, and the particulars of his background , character , and prospects, the defendant may be deemed outside the (Three Strikes ) scheme's spirit, in whole or in part , and hence should be treated as though he had not previously been convicted of one or more serious and /or violent felonies." People v Williams , supra 17 Cal 4th 148-161; People v. Garcia (1999) 20 Cal 4th 490, 498; People vs Stone (1999) 75 Cal App. 4th 707,717).

In People v. alvarez (1997) 14 Cal 4th 968, 977-978

the California Supreme Court discussed the standard by which an appellate court should determine whether there was an abuse of discretion in exercising sentencing discretion . The court noted that there was a broad generic standard for the court's exercise of discretion . On appeal , the party challenging the sentencing decision has the burden to show that the sentencing decision was arbitrary or irrational . If this burden is not met , it is presumed that the trial court acted so as to achieve legitimate sentencing objectives , and the sentence will not be set aside.

> The alvarez court also stated :
>> However, since all discretionary authority is contextual those factors that direct similiar sentencing decisions are relevant , including " the nature and cicumstances of the offense, the defendant's appreciation and attitude toward the offeense, or his traits of character as evidenced by his behavior and demeanor at the trial (citations omitted)

(Id, at p 978)

In alaveraz , the high court noted that in the exercise of discretion the trial court should take into consideration the nature andcircumstances of the offense . The court also stated :

court also stated :

...When appropriate , judges should also consider the general objectives of sentencing such as those ser forth in California rules of Court , rule 410( now aS AMENDED RULE $.$!)() ..... a determination made outside the perimeteers drawn by individualized consideration of the offense , the offender , and the public interest " exceeds the bounds of reason . (citations omitted ).
Id at p 978. )

**CALIFORNIA RULES OF COUR
rule 4.410 provides:**

(a) Protecting society
(b) Punishing the defendant
(c) Encourrging
(d) Detering others from criminal conduct by demonstrating its consequences.
(e) preventing the defendant from committing new crims by isolating him for the period of incarceration.
(f) Securing restitution for the VICTIMS
(g) Achieving uniformaity in sentencing

Becaus ein some instancethese objectives may suggest inconsistent dispositions, the sentencing judge shall consider which objectives are of primary importance in the particular case.

The sentencing judge sould be guided by statutory statements of ploicy , the criretia in these rules, a

and the facts and circumstances of the case.

In determining whether to dismiss a "strike ", a trial court should take into consideration the circumstances and the instant offense, the absence of violence, the defendant's age, the nature of the defendant's previous offenses, and other relevant consideration. (People vs Banks, (1997) 59 Cal app. 4th 20, 26).

Appellate court have determined that the review of a trial court's ruling on a Romero motion is subject to review for abuse of discretion. The reviewing court determines whether the trial court's ruling " falls outside the bounds of reason" under the relevant facts and the applicable law. Peole vs Cuff (2001) 87 Cal App. 4th 991, 998, cciting People vs Garcia, supra, 20 Cal 4th at p. 503, italics in original, quoating People vs Williiams, supra 17 Cal 4th at p 162.)

### PETITIONER'S MOTION TO DISMISS HIS PRIOR
### STRIKE CONVICTIONS

Petitioner's trial counsel filed a motion to dismiss appellant's prior strike convictions in the interest of justice (section 1385) That motion attached as an exhibit to this petition discusses the petitioner's personal background criminal history. It states a number of factors that were before the trial court that supported dismissing the strike prior. Perhaps the most significant and predominant factor was the relatively minor nature of the present crime. A defendant whose current offense is not violent or life- threatening is obviously far less culapable than one whose current offense

(15)

As the Supreme court held in Garcia,"a court might therefore be justified in striking prior conviction allegations with respect to a relatively minor current felony, while considering those prior convictions with respect to a serious or violent current ". Garcia , supra 20 Cal 4th 490, 499.)

Even when defendants have extensive records , the minor and non-aggravated nature of the current offense is a powerful factor that can support dismissal of "strike " priors. (See In re Saldana (1997) 57 Cal A;;. 4th 620, People vs Bishop (1997) 56 Cal App. 4th 1245 ).

Petitioner's current felony involved taking merchandise from a pet hospital valued at a little over fifty dollars and trying to return it for a refund. Petitioner cooperated with the police and admitted his wrong doing early on in this case.

Petitioner's strike prior was aged and appropriate to strike . Petitioner's strike prior was at that time 26 years old. The incident occurred in 1979 with the petitioner was 21 years old and petitioner was 48 years old at the time he was sentenced to state prison. Petitioner never repeated any of the conduct . The case involved sexual activity with a 17 year old male hustler picked up by the petitioner on the streets of San Francisco.

The trial court had sufficient information before it in considering petitioner's background , character and prospects from the efforts that the petitioner had made in taking an active role in trying to improve his situation. While petitioner was

## FURTHERANCE OF JUSTICE

Striking the petitioners twenty -six year old prior serious felony convictionwould have been in the furtherance of justice and an appropriate us of the court's discretion. In analyzing the issue it is helpful to review the factors set forth in Rule of Court 4.423 to highlight the mitigating circumstances involved . Under rule 4.423 (a) (4) the petitioner's conduct was partially excusable for for some other reason not amounting to a defense . The petitioner's abuse of alcohol and the fact that he was in the midst of relapse contributed to his situation. Under Rule 4.423(a)(6) it is clear that the petitioner exercised caution to aviod harm to persons. Petitioner did not threaten any violence or use any force. When the situation got somewhat heated the petitioner choose to leave the pet hospital and abandon his efforts for a refund . Also, the amount taken was deliberately small.

Under Rule 4.423(b) (2) the dpetitioner was suffering from a mental or physical condition that **significantly** reduced his culpability for the crime. Much like the defendant in in the case of People vs simpson (1979) 90 Cal App. 3d 919,the petitioner was an alcoholic who was intoxicated at the time of the offense . He suffered from long term alcoholism and was in the midst of relapse at the time of the incident . The record demonstrate that the petitioner had not ignored his condition . Petitioner was aware of the condition and had taken steps to address it. However, relapse is a fact of life for many alcoholics . As the present record shows it did not mean that the petitioner could not remain sober if given another chance. Petitioner not only remained sober , but completed a

(17)

in custody drug treatment program and has made positive re-entry plans to go directly into treatment upon release on parole. ( See Declaration of Darryl Lee Goldstein , attached and served herewith.

Under Rule 4.423(b) (3) the petitioner voluntarily acknowledged wrongdoing prior to arrest. Under Rule 4.423 (b) (5) Petitioner offered to pay and was prepared to make restitution to the victims in this case . Under Rule 4.423 (b) (6) , the petitioner's efforts on parole were thwarted somewhat by having been parole to the wrong County . Petitioner had worked hard to put in place a parole re-entry for the San Francisco Bay Area ( See Declaration of Darryl Lee Goldstein supra.), and then he was paroled to an entirely different community.

None of the circumstances in aggravation cited in Rule 4.421 (a) relating to the crime existed in this case.

**CONCLUSION**

Based on the age of the petitioner at the time of the crime , the relatively minor nature of the offense the petitioner was convicted of and the fact that the petitioner recognized his problem and took the appropriate action to treat his condition and has put in place a plan to continue and lock in his sobriety, petitioner respectfully request that this court grant habeas corpus relief vacating the strike sentence imposed by the trial court and and imposing a non -strike sentence.

Respectfully submitted

By _____[signature]_____                             Dated January 1), 2008
DARRYL LEE GOLDSTEIN
PETITIONER PRO PER

(19)