IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT L. AYERS, Warden,<br><br>    Respondent. | No. C 08-0748 SBA (PR)<br><br>**ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS**<br><br><br><br>(Docket No. 27) |

## INTRODUCTION

This matter is now before the Court for consideration of Petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a sentence he received in San Mateo County Superior Court. Respondent Robert A. Horel, Warden of Pelican Bay State Prison, opposes the petition. Petitioner has filed a traverse. For the reasons discussed below, the petition is DENIED as to all claims.

## BACKGROUND

**I.  Case History**

On April 17, 2006, Petitioner pleaded no contest to one count of second degree burglary (Cal. Pen. Code § 460(b)), admitted the allegation that he had suffered a prior "strike" conviction for oral copulation of a minor (Cal. Pen. Code § 1170.12 (c)(1)), admitted eight prior felony convictions (Cal. Pen. Code § 1203(e)(4)), and admitted two prior prison terms (Cal. Pen. Code § 667.5(b)). In return for this plea, one count of burglary, two counts of petty theft with prior convictions, and one count of possession of stolen property were dismissed. Petitioner was also promised that his maximum possible sentence would be five years in state prison. On June 23, 2006, the trial court sentenced Petitioner to a term of four years in state prison. The prison term consisted of the middle term of two years for the burglary count, which was doubled based upon his prior "strike" conviction (Cal. Pen. Code § 1170.12(c)(1)). The trial court denied his motion to strike the

enhancement based on his prior "strike" conviction, but did strike the enhancements for his two prior prison terms.

The California Court of Appeal affirmed the judgment in an unpublished opinion dated March 27, 2007, and the California Supreme Court denied a petition for review on June 13, 2008. (Resp't Exs. 4, 6.)

The instant petition was filed on January 31, 2008, claiming that the trial court abused its discretion in failing to strike the prior "strike" conviction. On October 17, 2008, Respondent was ordered to show cause. Respondent filed an answer and memorandum of points and authorities on April 16, 2009, and lodged a number of exhibits. After Petitioner's motions for an extension of time in which to file a traverse and for assistance in obtaining Respondent's briefs were granted, Petitioner notified the Court on November 12, 2009, that he wanted to waive the filing of a traverse. On February 5, 2010, Petitioner filed a motion to "verify" his pro se status and for an extension of time to file a traverse.

## II.     Statement of Facts

The following facts are taken from the opinion of the California Court of Appeal:

> On March 14, 2005, defendant went to a bicycle shop to return a bicycle lock worth $39.99. The bicycle shop refused to refund defendant for the lock because defendant had earlier stolen the lock from the store. In fact, the shop's owner recognized defendant as having attempted this refund scam several times. Later the same day, defendant tried a similar scam at a pet hospital. An employee saw defendant remove a dog oral hygiene kit (worth $12), two tick collars (worth $14.50 each), and vitamins (worth $10.25) from a shelf, and then try to get a refund for those items. After arguing with pet hospital employees about a refund, defendant left the hospital with all of the merchandise he had removed from the shelf. Soon after, the police detained defendant near the pet hospital and a hospital employee identified him. The dog oral hygiene kit was recovered, but not the other merchandise. The next day, an employee of the bicycle shop identified defendant in a photographic lineup. When arrested, defendant smelled of alcohol, but did not appear to be intoxicated. He admitted giving the missing merchandise to a friend. Defendant was on parole at the time of his arrest.

People v. Goldstein, No. A114400, slip op. at 2 (Cal. Ct. App. Mar. 27, 2007) (Resp't Ex. 4).

## DISCUSSION

## I.     Legal Standard

### A.     Standard of Review for State Court Decisions

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may

2

grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits. Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004). It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court. See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

### 1. Section 2254(d)(1)

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 409 (2000). While the "contrary to" and "unreasonable application" clauses have independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

#### a. Clearly Established Federal Law

"Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from

3

[the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact that Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. Williams, 529 U.S. at 391. There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65. When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework. See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

### b. "Contrary to"

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406. Such a case should be analyzed under the "unreasonable application" prong of § 2254(d). See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### c. "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but

4

unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it. Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard. Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point). After Andrade,

> [t]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise. While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id. In examining whether the state court decision was unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

### 2.     Sections 2254(d)(2), 2254(e)(1)

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where a state court fails to consider and weigh highly probative, relevant evidence, central to a petitioner's claim, that was properly presented and made part of the

state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(2) applies to an intrinsic review of a state court's fact-finding process, or situations in which the petitioner challenges a state court's fact-findings based entirely on the state court record, whereas § 2254(e)(1) applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court. See Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004). In Taylor, the Ninth Circuit established a two-part analysis under §§ 2254(d)(2) and 2254(e)(1). Id. First, federal courts must undertake an "intrinsic review" of a state court's fact-finding process under the "unreasonable determination" clause of § 2254(d)(2). Id. at 1000. The intrinsic review requires federal courts to examine the state court's fact-finding process, not its findings. Id. Once a state court's fact-finding process survives this intrinsic review, the second part of the analysis begins by dressing the state court finding in a presumption of correctness under § 2254(e)(1). Id. According to the AEDPA, this presumption means that the state court's fact-finding may be overturned based on new evidence presented by a petitioner for the first time in federal court only if such new evidence amounts to clear and convincing proof a state court finding is in error. See 28 U.S.C. § 2254(e)(1). "Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." Taylor, 366 F.2d at 1000.

When there is no reasoned opinion from the highest state court to consider the Petitioner's claims, the Court looks to the last reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). Here, the California Court of Appeal was the highest state court to issue an explained opinion on Petitioner's claims.

**II. Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies,

6

either on direct appeal or through state collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Respondent contends that Petitioner has not exhausted his claim, an argument that need not be reached because the claim can be denied on its merits for the reasons discussed below.  See 28 U.S.C. § 2254(b)(2) (allowing district court to deny unexhausted claim on its merits).

## III.   Legal Claim

Petitioner claims that the trial court "abused its discretion" in not striking his prior "strike" conviction and that this caused a violation of his right to due process.  He argues that the conviction should have been struck under People v. Romero, 13 Cal.4th 497 (1996) (authorizing sentencing court to exercise its discretion not to strike sentence enhancements based on prior "strike" convictions) because it was twenty-six years old, the commitment offense was relatively minor, he has a history of drug and alcohol abuse, and his health is poor.  The California Court of Appeal found that the trial court did not abuse its discretion in denying Petitioner's motion under Romero, and that the sentence was valid under state law, based on the following reasoning:

> We review the denial of the Romero motion for abuse of discretion (People v. Williams (1998) 17 Cal.4th 148, 158 (Williams)) and conclude the trial court properly exercised its discretion. In ruling on a Romero motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the three strikes law] scheme[ ] ... in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (Id. at p. 161.) The three strikes law "establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike unless the sentencing court 'conclude[es] that an exception to the scheme should be made....'" (People v. Strong (2001) 87 Cal.App.4th 328, 337-338 (Strong).)  Consequently, there must be something exceptional about the prior offenses, the current offense, or the defendant's background, character, and prospects, to justify striking a prior serious conviction.
>
> . . .
>
> Defendant contends the trial court abused its discretion in this case because the oral copulation conviction was 26 years old and suffered when defendant was only 23 years old, whereas he was 48 years old at the time of sentencing. However, as the trial court observed, defendant's strike offense was very serious in nature. Defendant was ultimately sentenced to 12 years in prison for this conviction, as well as for other related offenses in which he victimized minors on three separate occasions. The facts of these sexual assault convictions were summarized in an appellate opinion as follows: "The evidence reasonably establishes that the victims of Goldstein's three

separate series of crimes were young boys under the age of 18. He had forcibly detained each of them in his apartment, furnished, and encouraged them to use, narcotics, marijuana and alcoholic beverages in order to lessen their resistance to his criminal objective, and then by force committed the charged sexual acts." (People v. Goldstein (1982) 130 Cal.App.3d 1024, 1041-1042.)

Moreover, the record establishes defendant committed the "strike as part of a long and continuous criminal record, the continuation of which the [three strikes] law was meant to attack." (Strong, supra, 87 Cal.App.4th at p. 338.) Defendant's criminal record dates back to 1974. After his strike conviction in 1980 and subsequent release from prison in 1986, defendant went on to suffer convictions in 1989, 1990, 1991, 1992, 1998, 1999, 2000 and 2002. The convictions in 1989 and 1992 involved crimes strikingly similar to those which were the basis for defendant's 1980 strike conviction: defendant attempted to sexually assault vulnerable young men after giving them drugs or alcohol and attacking them. Defendant also has a history of theft crimes comparable to his recent offense, including convictions in 1990, 1991, 1998, 2000, and 2002. And defendant was on parole at the time he committed the recent offense. As defense counsel acknowledged at the Romero hearing, defendant had a "December [2004] parole date and March [2005] offense date." Defendant's record indicates "[h]e is a frequent repeat offender who seemingly has not learned from past incarceration." (People v. Martinez (1999) 71 Cal.App.4th 1502, 1510-1511 (Martinez).) It plainly was not an abuse of discretion for the trial court to conclude defendant is precisely the type of criminal who falls within the spirit of the three strikes law. (Strong, supra, 87 Cal.App.4th at p. 338 ["extraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the" three strikes law] .)

Defendant also asserts the court abused its discretion because his charged offense was minor; defendant did not use force and the stolen items were of little value. The trial court properly concluded these facts were not extraordinary circumstances which would justify striking the 1980 conviction given defendant's lengthy criminal record and recidivism. (See Strong, supra, 87 Cal.App.4th at p. 344 ["the nonviolent or nonthreatening nature of the [current] felony cannot alone take the crime outside the spirit of the [three strikes] law"].)[1]

Finally, defendant emphasizes his long struggle with drug and alcohol addictions, as well as his poor health. The court considered these problems in ruling on the Romero motion. These problems, however, do not distinguish defendant from numerous other defendants deemed to fall within the spirit of the three strike scheme. (See Strong, supra, 87 Cal.App.4th at p. 338.) Moreover, the probation report indicates defendant has since 1994 participated in treatment programs without ultimate success. Given defendant's unsuccessful efforts over the years to overcome his substance abuse problems, it was proper for the trial court to conclude that defendant has not been "able to follow through" with treatment. (See Martinez, supra, 71 Cal.App.4th at p. 1511 [a substance abuse problem "is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment"].) Finally, although defendant's poor health is unfortunate, "the law still holds such an individual responsible for his or her behavior." (Ibid.)

The record shows the court gave weight to "the nature and circumstances of" defendant's present offense, his prior serious felony, "and the particulars of his

---

[1] It is also worth noting that, according to the probation report, defendant came close to using force during the crime. He "admitted that he 'went to great pains not to allow my behavior to become violent.'"

>
> background, character, and prospects." (Williams, supra, 17 Cal.4th at p. 161.) Given the seriousness of the strike conviction and defendant's lengthy and continuous criminal record, the trial court did not abuse its discretion in refusing to grant the Romero motion.

(Resp't Ex. 4 at 3-5) (footnote in original).

As noted above, Petitioner argues that the denial of his Romero motion was both an "abuse of discretion" and violated his right to due process. The federal constitutional guarantee of due process is fully applicable at sentencing. *Gardner v. Florida*, 430 U.S. 349, 358 (1977). However, the federal right to due process, unlike state law, does not impose an "abuse of discretion" standard. Rather, a federal court may vacate a state sentence imposed in violation of due process if a state trial judge imposed a sentence "in excess of state law." *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1988). The sentence in this case did not exceed that permitted by California law. The prison term consisted of the middle term of two years for the burglary count, which was doubled based upon his prior "strike" conviction. It is not disputed that the doubling of his sentence was authorized by California's "Three Strikes" law. See Cal. Pen. Code §§ Section 1170.12(c)(1), 667(a), 1192.7(c)(23). Indeed a considerably longer sentence was authorized by state law based on enhancements for Petitioner's prior prison terms (see Cal. Pen. Code § 11702.12(c)(2)), but the trial court struck those enhancements. The fact that the trial court had discretion under California law to impose a lower sentence, a discretion which the state appellate court found was not abused as a matter of state law,[2] does not make the sentence, which falls within the statutorily authorized range, "in excess" of state law.

A sentence may violate due process under other circumstances, including, for example, if it is based on materially false or unreliable information or based on a conviction infected by constitutional error, see United States v. Hanna, 49 F.3d 572, 577 (9th Cir. 1995); Walker, 850 F.2d at 477, or if it is under the wrong statute, Murtishaw v. Woodford, 255 F.3d 926, 969 (9th Cir. 2001). Petitioner does not allege, nor is there any basis in the record for finding, that the sentence was based on materially false or unreliable information, that it

---

[2] This determination of state law is binding on this Court on habeas review. See Hicks v. Feiock, 485 U.S. 624, 629 (1988); see also Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993) (federal courts must defer to the state courts' interpretation of state sentencing laws).

was based on an unconstitutional conviction, or that it was imposed under the wrong statute.

For these reasons, the state courts' decisions denying Petitioner's due process claim were not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1),(2). Accordingly, Petitioner is not entitled to habeas relief.

**IV     Traverse**

On February 5, 2010, Petitioner filed a motion to "verify" his pro se status in which he requested an extension of time to file a traverse. After Petitioner was twice granted sixty-day extensions of time, allowing him a total of approximately six months, in which to file a traverse, his traverse was due on October 7, 2009. Approximately one month after this deadline had passed, he notified the Court that he did not want to file a traverse. Petitioner's belated request for still more time to file a traverse is not supported by the necessary showing of cause for such a lengthy amount of time to file a traverse. Consequently, Petitioner's request will be denied.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Petitioner's motion to "verify" his pro se status is DENIED  The Clerk of the Court shall terminate docket number 27, enter judgment and close the file.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has failed to make a substantial showing that any of his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: 9/7/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRYL GOLDSTEIN,

        Plaintiff,

v.

ROBERT L AYERS JR et al,

        Defendant.

Case Number: CV08-00748 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein 100002
San Mateo County Jail
300 Bradford Street
Redwood City, CA 94063

Dated: September 9, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Goldstein0748.denyHC.wpd      11